UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | | |
|---|---|---|
| MARIBEL LA ROSA, as personal representative of the Estate of Noel Alonso, deceased, LAZARO NOEL ALONSO, as personal representative of the Estate of Noel Alonso, deceased, and the ESTATE OF NOEL ALONSO, | § § § § § § § § | Case No.: |
| *Plaintiffs,* v. | § § § § | TRIAL BY JURY DEMANDED |
| SPRINKLERMATIC FIRE PROTECTION SYSTEMS, INC. | § § § § § § | |
| *Defendant.* | § | |

**ORIGINAL COMPLAINT AND REQUEST FOR INJUNCTIVE RELIEF**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COMES NOW Plaintiff Maribel La Rosa, as personal representative of the Estate of Noel Alonso and Lazaro Noel Alonso, as personal representative of the Estate of Noel Alonso, and the Estate of Noel Alonso (collectively "Plaintiffs"), and complain of SPRINKLERMATIC FIRE PROTECTION SYSTEMS, INC. (hereinafter "Defendant") and for cause of action would show the Court as follows:

**INTRODUCTION**

1. Plaintiffs demand a jury trial in this case as to any and all issues triable to a jury.

2. Plaintiffs file this Complaint and complains about discrimination suffered by Noel Alonso, deceased, based on his age under the Age Discrimination in Employment Act of 1967, as amended ("ADEA").

3. Plaintiffs file this Complaint and complains about discrimination suffered by Noel Alonso, deceased, based on his disability under Title I of the Americans with Disabilities Act of 1990 ("ADA") and the ADA Amendments Act of 2008 ("ADAAA").

4. This action seeks compensatory, liquidated, and punitive damages, plus lost wages, injunctive relief, attorney's fees, emotional distress and mental anguish, taxable court costs, pre-judgment and post-judgment interest and an injunction.

## PARTIES

5. Plaintiffs are residents of Miami, Florida.

6. Defendant, Sprinklermatic Fire Protection Systems, Inc., is a corporation located in the State of Florida, and process may be served by mail or in person on the registered agent, Tanya L. Bower, Esq., C/O Tripp Scott, PA., located at 110 SE 6th Street, 15th Floor, Fort Lauderdale, Florida, 33301.

## VENUE

7. Venue is appropriate in the United States District Court for the Southern District of Florida, in that the Defendant can be said to reside and/or do business in this district as required under 28 U.S.C. § 1391.

## JURISDICTION

8. This Court has original jurisdiction of this action pursuant to 28 U.S.C. §1331 (federal question jurisdiction) under the ADA/ADAAA (42 U.S.C. §12101, *et seq.*) and the ADEA, 29 U.S.C. §621, *et seq.*) for employment discrimination on the basis of age and disability.

9. The unlawful employment practices were committed within the jurisdiction of this Court.

## PROCEDURAL REQUISITES

10. All conditions precedent to the filing of this action have been met by Plaintiffs, in that Noel Alonso, deceased, timely filed a complaint with the Equal Employment Opportunity Commission ("EEOC").

11. Noel Alonso, deceased, filed a Charge of Discrimination against Defendant with the EEOC in December of 2017 and filed an amended Charge in March of 2018.

12. Noel Alonso, deceased, was issued a Notice of Right to Sue letter from the EEOC on March 13, 2019, entitling him to file suit on his claims of discrimination.

13. The filing of this lawsuit has been accomplished within ninety (90) days of Plaintiffs' receipt of the Right to Sue letter from the EEOC.

## FACTS

14. Noel Alonso ("Alonso") began working at Defendant in December of 2016 as a Sprinkler System Foreman ("Installer") for Sprinklermatic Fire Protection Systems, Inc ("Defendant").

15. Alonso's job title at the time of his termination from the Defendant on September 2, 2017 was Sprinkler System Foreman ("Installer"). The essential functions of Mr. Noel's job included: installing CPVC pipes and supervising sprinkler system installation in buildings for fire protection and to prevent mistakes and errors by installers.

16. Alonso was 60-years-old at the time of his termination.

17. Alonso, during his employment at Defendant, was disabled because of his medical conditions, which included diabetes and hypertension, which can lead one to be fatigued.

18. Defendant was aware of these conditions because the effects of diabetes and hypertension constantly required Alonso to have medical attention. Additionally, Defendant knew of

Alonso's medical condition as he was in-and-out of the hospital during his employment at Defendant, and Defendant knew that Alonso, at times, was fatigued while employed.

19. Alonso was a qualified employee who performed the essential functions described above (with or without reasonable accommodation) throughout his tenure at Defendant.

20. Alonso worked at Defendant for 9 months. During his time at Defendant, Alonso not only had to contain his pre-existing disability, but he heard or received age-related discriminatory remarks from his primary harassers: superintendent Javier Olivera ("Olivera"), a supervisor, Daniel Olivera ("Daniel") and coworkers, *i.e.* Hanoy.

21. Alonso was told by Daniel, that "old people are useless" (referring to Alonso). Additionally, near the time of Alonso's termination, Daniel told coworkers in a group chat, "But [*sic*] no keep bring olds." Alonso's coworker, Hanoy, responded in that group chat thread by stating, "at least the old people do all the sh*t that the younger ones don't do".

22. While Alonso continued to receive age-related discriminatory remarks at work, on or around August 26, 2017, Alonso was injured while climbing down from a ladder at work. He stretched a ligament in his foot.

23. Alonso returned to work the following day with a swollen foot and in extreme pain.

24. Alonso called Olivera that day to inform him of his work-related injury. Olivera told Alonso to contact Kathy Martinez in Defendant's Human Resources Department, who referred Alonso to a doctor after he received a report number.

25. Based on the fact that Olivera "authorized Mr. Alonso to take all the necessary time off as recommended by the doctor for his alleged injury, and that Mr. Alonso would receive his regular pay for this time away from work, until further notice." Alonso immediately went to the doctor.

26. The doctor stated during his consult with Alonso that he should be on bed rest for three days and then return for a re-evaluation. Upon being re-evaluated, on or around September 1, the doctor referred him to an orthopedic doctor for further treatment, as the doctor could not do anything more for him. Alonso was partially disabled due to the ligament injury.

27. Rather than accommodate Alonso for his ligament condition, Olivera called Alonso on September 2, 2017, during his rehabilitation, and informed him that Defendant did not want him to return to work and contrived an excuse—blaming Alonso for a leak and allegedly improperly installed pipes.

28. Alonso told Olivera that he was recovering from a job-related injury and that younger non-disabled employees made the same, if not worse, mistakes, and yet they were not terminated.

29. Defendant's untruthful reason for terminating Alonso was a pretext for discrimination based on his age and disability.

30. Defendant's knowledge of Alonso's pre-existing disability, its knowledge that his current injury would linger as he was referred to an orthopedic doctor, alongside its bias against older employees, caused Alonso's termination on September 2, 2017.

31. Noel Alonso died on July 22, 2018, due to septic shock, Fournier's gangrene, acute respiratory failure, and pulmonary embolism. Alonso's other "significant conditions": diabetes, hypertension, adenocarcinoma, and end stage renal disease, while not the primary cause of death, all were aggravated and slowed Alonso's healing process because of the stress associated with his unlawful termination from Defendant, and his job-related injury.

32. Maribel La Rosa and Lazaro Noel Alonso, Noel Alonso's wife and son, respectively, were appointed as personal representatives of the Estate of Noel Alonso on December 6, 2018 by

the Hon. Jorge E. Cueto, the Circuit Court Judge for the 11th Judicial Circuit, which includes the Miami-Dade County.

## COUNT I

## DISCRIMINATION BASED ON AGE

33. Plaintiffs re-allege and incorporate into count one, paragraphs 1 to 32 as if fully set forth herein.

34. As stated above, Alonso was over the age of 40 at the time he was terminated and qualified for his position at Defendant.

35. Defendant, by and through their agents and employees, maintained a policy of age discrimination and engaged in the aforementioned practices, policies, customs and usages made unlawful under the ADEA against Alonso.

36. Had Alonso not been significantly over the age of 40, he would not have been terminated.

## COUNT II

## DISCRIMINATION BASED ON DISABILITY UNDER THE ADA/ADAAA

37. Plaintiffs re-allege and incorporate paragraphs 1 to 36 of this Complaint as if fully set forth herein.

38. Alonso was perceived as disabled because of his pre-existing conditions and his work-related injury, even though he was fully qualified and able to perform the essential functions of his job with or without accommodations.

39. Alonso was perceived as disabled based on his pre-existing medical conditions and his work-related injury, which he had to seek medical assistance for, and Defendant refused to accommodate him.

40. Defendant, by and through its employees, intentionally engaged in the aforementioned practices, policies, customs and usages, made unlawful under the ADA/ ADAAA.

41. Defendant, by and through its agents and employees, maintained a policy of disability discrimination, and engaged in the aforementioned practices, policies, customs and usages made unlawful in violation of the foregoing statute against Alonso.

42. Had Alonso not been disabled (or perceived to be disabled) because of his pre-existing conditions and work-related injury, he would not have been terminated.

## DAMAGES

43. As a direct and proximate result of the aforementioned acts, Alonso suffered loss of wages, as well as compensatory damages, including, but not limited to, liquidated damages and emotional distress.

## EXEMPLARY DAMAGES

44. Defendant's actions were intentional, willful, harsh, oppressive, reckless and malicious, and as a further and proximate cause, Alonso suffered severe emotional distress, pain and suffering. The wrongs done by the Defendant were aggravated by its willfulness, wantonness and malicious for which the law allows the imposition of exemplary damages. Plaintiffs, therefore, seek exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

## ADEA LIQUIDATED DAMAGES

45. Defendant's actions were willful, and as a further and proximate cause, Alonso was terminated and lost wages. Plaintiffs, therefore, seek liquidated damages under the ADEA in the amount of his back pay to be determined by the trier of fact.

## ATTORNEY'S FEES

46. Defendant's actions and conduct, as described herein, and the resulting damage and loss to Plaintiff, has necessitated Plaintiff retaining the services of COANE and ASSOCIATES, PLLC, in order to initiate this proceeding. Plaintiffs seek recovery of reasonable and necessary attorney's fees.

## JURY DEMAND

47. Plaintiffs hereby make their request for a jury trial.

## INJUNCTIVE RELIEF

48. Plaintiffs seek injunctive relief requiring Defendant's to take affirmative and effective steps to remove and otherwise discipline managers who have failed to comply with the ADA/ADAAA, ADEA, and who violate Federal statutory protection against discrimination.

49. Plaintiffs seek injunctive relief requiring Defendant's to take specific actions designed, implemented, and confirmed by qualified non-government consultants to ensure that all supervisory employees are adequately trained to identify, investigate, and stop such situations and complaints. Such specific actions include, but are not limited to:

   a. allocation of significant funding and trained staff to implement all changes within two years;

   b. discipline managers who have violated the company's policies and failed to meet their legal responsibility to promptly investigate complaints and to take effective action to stop and deter prohibited personnel practices against employees;

   c. establishing and strictly measuring EEO compliance as a critical element in every manager's performance standards;

    d. creating a process for the prompt investigation of harassment and reprisal complaints separate from the agency's process;

    e. mandatory and effective training for all employees and managers on age and disability discrimination issues, investigations and appropriate corrective actions.

## PRAYER

50. WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray that Defendant's be cited to appear and answer, and that on final hearing of this cause, Plaintiff has the following relief:

    a. Back Pay;

    b. Pre-Judgment interest on back pay;

    c. Lost Benefits;

    d. Compensatory Damages, including but not limited to emotional distress;

    e. Punitive Damages;

    f. Liquidated Damages;

    g. Injunctive and Affirmative Relief;

    h. Attorneys' Fees and Costs; and

    i. such other and further relief, at law or in equity, general or special, to which Plaintiffs may show is justly entitled.

*(signature block followed on next page)*

Dated: June 10, 2019

Respectfully submitted,

**COANE AND ASSOCIATES, PLLC.**

By: ___*/s/Ariel Hassine*___
Ariel Hassine
FL Bar #124722
Email: ariel.hassine@coane.com
Connor Throckmorton
FL Bar # 1004231
Email: connor.throckmorton@coane.com
Arthur Mandel
FL Bar # 22753
Email: arthur.mandel@coane.com
407 Lincoln Road, Suite 11-B
Miami Beach, Florida 33139
Phone: (305) 538-6800
Fax:    (866) 647-8296
***ATTORNEYS FOR PLAINTIFFS***

**Of Counsel:**

**Bruce A. Coane**
S.D. Tex. #7205
COANE AND ASSOCIATES, PLLC
407 Lincoln Road, Suite 11-B
Miami Beach, Florida 33139
Phone: (305) 538-6800
Fax:    (866) 647-8296